SILAS BARNARD vs. Inhabitants of ARGYLE.

The money paid by non-residents on account of taxes assessed for the high-
ways is a substitute for labor and materials, to be appropriated to repair
them ; and an order drawn by the assessors of a plantation for money thus
paid in favor of one, who had performed labor on the highways at the re-
quest of the assessors, is binding on the plantation, at least to the extent of
the fund.

In an action against a town for services in making a road within its limits, the
admission of evidence of the advice and opinions of individual inhabitants
to charge their town is a sufficient cause for setting aside a verdict.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. pre-
siding.

Assumpsit on an order, of which this is a copy. "Argyle,
October 14, 1835. To Nathaniel Danforth, Treasurer of the
plantation of Argyle. Please to pay to Silas Barnard, or order,
the sum of two hundred and sixteen dollars sixty-nine cents, in
twenty days from date, with interest, it being due the said Barnard
for making a road in the plantation of Argyle, in the year 1834.

"Warren Burr,   ⎱ Assessors of
Gideon Oakes.  ⎰   Argyle."

There were counts for labor done and money had and received.
Barnard had been appointed an agent of the State, with authority
to expend a certain amount of money of the State on a road
through Argyle, if the plantation would expend thereon a certain
other amount. The plantation on the 17th of March, 1834,
"voted, that $1000 shall be expended on the new road, so called,
under the direction of the State Agent, agreeably to a resolve of
the legislature," and on the 16th of March, 1835, "voted, to
raise the sum of $1000, to be expended on the highway the en-
suing year." Several witnesses testified, whose testimony tended
to prove, that the assessors had employed the plaintiff to do work
upon the road, to be paid from the non-resident taxes, which had
been paid into the treasury in money, and that the assessors settled
with him, and found due to him the amount for which the order
was drawn ; and that most of the inhabitants of the plantation
were present and advising to this course. To all this testimony the
defendants objected, but it was admitted.

The counsel for the defendants, requested the Judge to instruct the jury, that the assessors had no right to contract with the plaintiff for making the road, and that such contract could not be binding on the plantation; and that the assessors had no legal right to draw the order in question. The Judge did not so instruct them, but did instruct them, that the assessors had not authority, unless it be out of funds appropriated for an object for which the plantation is liable. The verdict was for the plaintiff, and the defendants filed exceptions.

*J. Appleton*, for the defendants, contended, that the selectmen of a town or assessors of a plantation must strictly pursue the authority given them by statute, or their acts will not bind the town or plantation. The assessors have no right to draw a cash order, unless they have a right to assess a tax in cash to meet it. They cannot assess a highway tax in money; nor can they bind the plantation, except to the amount of money raised. 7 *Greenl.* 133; 13 *Pick.* 348; 4 *Pick.* 149; 14 *Mass. R.* 448; 1 *Shepl.* 293. The testimony was improperly admitted. The plantation cannot be bound by the statements or admissions of its inhabitants. 3 *Day*, 493; 3 *Cowen*, 623; 1 *Cowp.* 22; 4 *Serg. & R.* 317; 2 *Fairf.* 185; 1 *Shepl.* 321; 16 *Pick.* 567.

*A. G. Jewett*, for the plaintiff, said, that the labor was performed at the request of the assessors, for the use of the plantation, of which they had received the benefit, and are on this ground alone bound to pay for it. But here the plantation raised money to avail themselves of the bounty of the State, and this was a general fund to pay for this labor. They had money from non-residents in the treasury, and the order might rightly be drawn on that fund. The objectionable testimony was wholly immaterial, and could have had no possible influence in the decision of the case, and the court for such cause will not set aside a verdict. 13 *Maine R.* 439; 7 *Greenl.* 76; 3 *Fairf.* 293.

The opinion of the Court was prepared by

WESTON C. J. — The money paid by non-residents, on account of taxes assessed for the highways, is a substitute for labor and materials, to be appropriated to open and repair them. In our judg-

ment, an order drawn by the assessors of a plantation, for money thus paid, in favor of a party, having claims for services performed in relation to the highways, is binding upon the plantation. It makes the money available for the purpose, for which it was paid. In furtherance of this object, the assessors have a right to draw orders, at least to the extent of the fund.

By the *stat.* of 1821, *c.* 118, *sec.* 22, it is provided, that assessors of plantations shall be held to perform all the duties required of the selectmen of towns, relating to highways; and they are invested with the same powers.

It appears, that the non-resident money, which had been paid or liquidated, was equal to the amount drawn in favor of the plaintiff. The assessors, who have the management of the prudentials of the plantation in regard to highways, which are placed under their supervision, as they are under the selectmen of towns, have allowed the claims of the plaintiff. There being an available fund for this purpose, the course pursued had no tendency to impose any additional burthen upon the plantation, unless they bring it upon themselves, by resisting a legal demand, adjusted and allowed by those, whom they have chosen to represent them in such concerns, as fall within their cognizance. There may be sufficient ground therefore, upon which to sustain the action, not legally exceptionable; but as testimony was received of the advice and opinions of individuals, which was not by law admissible, we sustain the exceptions, set aside the verdict, and grant a new trial.